UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **RUTH CLARK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 1:20-cv-671 |
| | ) |
| **ELI LILLY AND CO.** | ) |
| | ) |
| **Defendant** | ) |

# COMPLAINT

Plaintiff, Ruth Clark, by counsel, hereby files her Complaint against the Defendant, Eli Lilly and Co., and in support thereof states:

1. Plaintiff, Ruth Clark, resides at 2154 Walnut Meadow Ct., Indianapolis IN 46234.

2. Defendant, Eli Lilly and Co. is located at its Corporate Center, Indianapolis IN 46285.

## JURISDICTION AND VENUE

3. Federal question jurisdiction is presented in this case as Plaintiff, and the class she intends to represent, claim violations of the Fair Labor Standards Act, the Age Discrimination in Employment Act, and the Americans With Disabilities Act.

4. Venue is proper in that the claims arose in this judicial district.

## BACKGROUND

5. Plaintiff worked for Defendant for over 16 years as a Sr. Administrative Assistant.

6. Plaintiff was not exempt from the overtime provisions of the FLSA and was occasionally paid overtime.

7. In August of 2018, Plaintiff asked a question at a Lilly CEO Connect meeting

1

complaining that the recent changes to the Administrative Assistant role had caused most Lilly Administrative Assistants to be overworked and had also diminished job satisfaction by reducing our roles to being most meeting schedulers and calendar management.  She asked what the CEO was going to do about that.  She also complained that the changes to their role did not offer Administrative Assistants the ability to grow their career.

8. As a follow-up to immediate feedback she received from other employees, Plaintiff scheduled a meeting over lunch time with a random collection of other Administrative Assistants to gather their thoughts about how their jobs could be enhanced and improved from the new job responsibilities.  Minutes were recorded for the meeting and provided to Administrative Services Center (ASC) Sr. Director, Ashlie Jonte and another ASC Manager.

9. When Plaintiff provided the minutes from her lunch time meeting to ASC Management, it was noted that the minutes contained a statement alleging "all AAs work overtime and don't report it".

9. As a result of Plaintiff's question at CEO Connect, Plaintiff was immediately called to have a one-on-one meeting with the then Vice President over the Administrative Assistant pool, as well as the then Senior Director, and was questioned at length about her own attempts to be promoted out of the Administrative Assistant role.  She was also told by the Vice President that "no U.S. corporation would ever look to the admin pool for talent."  Plaintiff was also told that she was not permitted to call a meeting of other AAs to gather their thoughts as a "think tank" to find equitable solutions to their job satisfaction.  Meetings of that nature could only be assigned to AAs by management seeking to gain more information, should that be management's desire.

8. Also as a result of the statement in the minutes from Plaintiff's lunch time meeting with

other AAs regarding overtime, numerous supervisors and human resources persons focused their attention upon Plaintiff. Defendant instructed Plaintiff to present a summary all of her overtime hours over the 16 years she had been an employee.

9. Plaintiff presented a summary showing that she had worked over 1500 overtime hours.

10. After presenting this information Plaintiff's supervisor (Ashlie Jonte) yelled at her for asserting that she was owed overtime pay and that Plaintiff had wasted an inordinate amount of Lilly resources to work on determining what, if anything, she was owed.

11. Defendant paid Plaintiff a small amount allegedly to compensate Plaintiff for the unpaid overtime, but the amount paid did not fully compensate Plaintiff for all amounts owed.

12. After Plaintiff complained regarding overtime and a workload that necessitated it, she was repeatedly yelled at by supervisors and disciplined unfairly.

13. Plaintiff is one of approximately 300 Lilly employees in Indiana with the job title Administrative Assistant 1 or 2, Sr. Administrative Assistant, or Senior Executive Administrative Assistant, hereinafter referred to as "AA" or "EA".

14. All AAs are not exempt from overtime payment.

15. In 2018, Defendant commenced a reduction in force or AAs in Indiana, leaving only about 300 AAs in that position, which was approximately a 50% reduction in AAs to support the same number of exempt employees.

16. 300 AAs were not nearly enough to perform the work needed by Lilly exempt employees who were eligible to receive AA support.

17. Each AA was assigned more and more managers for whom they had to perform clerical tasks such as calendaring meetings, scheduling travel, preparing expense reports, preparing visa documents and various other clerical duties.

18. Plaintiff was assigned as many as seven or eight managers for whom she had to perform tasks.

19. Plaintiff and all the other AAs were provided cell phones and laptops and were expected to complete tasks, knowing that they often ended up doing them from home, while on vacation, and at all hours of the day or night.

20. While Lilly human resources would often tell Plaintiff and other AAs that they could not work overtime, the managers would demand that the work get done or else they would be seen as not meeting expectations and would be put on Performance Improvement, causing Plaintiff and the class she intends to represent to often work more than 40 hours per week without reporting the hours worked.

21. Plaintiff was also discriminated against due to her age (63 years old) and her disability, which is Brachial Plexus Disorder, resulting from a should nerve block not wearing off, which has impaired her ability to use her right hand and arm.

22. Defendant attempted halfhearted measures to provide Plaintiff with a reasonable accommodation, such as voice recognition software, which did not work.

23. At the same time, Lilly supervisors threatened Plaintiff, telling her that if she did not work at a level of 100%, they did not need her.

24. Plaintiff reported these threats and mistreatment to Lilly Ethics and Compliance, which only resulted in more threats and discipline.

25. As a result of this mistreatment, Plaintiff was constructively discharged in September 2019.

## **COUNT I FLSA OPT-IN CLASS ACTION**

26. Plaintiff incorporates all prior paragraphs.

27. Plaintiff seeks to represent all similarly situation AAs in an opt-in class action pursuant to 29 USC 216 (b).

28. Plaintiff contends that Defendant treated all AAs in Indiana similarly in that Defendant suffered and permitted its AAs to routinely work more than 40 hours a week but failed and refused to pay overtime at 1.5 times the AAs' regular hourly rate of pay for all hours actually worked over 40 in a work week.

29. Plaintiff seeks an order requiring Defendant to provide the names and addresses of all AAs employed by Defendant in Indiana for a period of two years prior to the date this lawsuit was filed, and further allow undersigned counsel to send a notice to all of those individuals allowing them at least 90 days to opt-in to this lawsuit and an individual plaintiff.

## COUNT II VIOLATION OF THE FLSA

30. Plaintiff incorporates all prior paragraphs.

31. Plaintiff suffered substantial damages when Defendant failed and refused to provide Plaintiff overtime pay.

32. Defendant was willful in its repeated violation of the FLSA and as a result, Plaintiff and the class she wishes to represent are entitled to liquidated damages and to seek damages for a period of time of three years prior to the filing of this lawsuit.

33. Plaintiff and the opt-in class further seek attorney fees, interest costs and all other appropriate relief.

## COUNT III AGE DISCRIMINATION

34. Plaintiff incorporates all prior paragraphs.

35. Defendant discriminated against Plaintiff on account of her age.

36. Defendant disciplined Plaintiff more harshly than other similarly situated employees

who were younger than Plaintiff.

37. Defendant made Plaintiff's working conditions so intolerable that a reasonable person would not remain in the job, thus causing Plaintiff's constructive discharge.

38. Plaintiff has been substantially damaged as a result of Defendant's discrimination.

## COUNT IV ADA DISCRIMINATION

39. Plaintiff incorporates all prior paragraphs.

40. Plaintiff is a qualified individual with a disability.

41. Plaintiff was discriminated against by Defendant because of her disability in that other similarly situated employees who are not disabled were treated better than Plaintiff,

42. Plaintiff was harassed by Defendant's supervisors because of her disability.

43. Plaintiff has been substantially damaged as a result of Defendant's discrimination.

## COUNT V RETALIATION

44. Plaintiff incorporates all prior paragraphs.

45. Plaintiff objected to the discriminatory and illegal treatment she received by the Defendant.

46. Defendant illegally retaliated against Plaintiff as a result of her complaints, causing her great emotional distress and leading to her constructive discharge.

WHEREFORE, Plaintiff, Ruth Clark seeks the following relief against the Defendant Eli Lilly and Co:

a. An order allowing Plaintiff to send a notice to all AAs allowing each to opt-in to this lawsuit as a Plaintiff;

b. All money damages available to Plaintiff and the opt-in Plaintiffs for overtime pay, liquidated damages, attorney fees, costs, interest and all other appropriate relief.

    c. All money damages related to backpay, front pay, liquidated damages, compensatory relief, punitive damages, interest, costs, attorney fees and all other appropriate relief.

    Respectfully submitted,
*/s/ Mark Waterfill*
Mark R. Waterfill, Atty. No. 10935-49
5235 Decatur Boulevard
Indianapolis, IN 46241
(317) 501-6060
mark@waterfilllaw.com

## **JURY DEMAND**

Plaintiff demands a trial by jury.

*/s/ Mark Waterfill*